FILED
2006 Nov-09 PM 01:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **VAN CARTER LUCKY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **CASE NUMBERS:** |
| **vs.** ) | **CV 06-S-8030-S** |
| ) | **CR 03-S-326-S** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed his Findings and Recommendation on September 27, 2006. On October 16, 2006 Lucky filed objections to the findings and recommendation. In his objections, Lucky argues that he is entitled to equitable tolling of the statute of limitations because a jurisdictional claim is not subject to a time bar. The applicable habeas provision, however, does not contain an exemption from the statute of limitations for particular types of claims. 28 U.S.C. § 2255. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Lucky states in his objections that he was subjected to persecution and death threats as a result of the nature of his criminal conviction, resulting in a transfer from

correctional facility to correctional facility and, on occasion, he was without access to legal materials. He has nonetheless failed to establish diligence by presenting evidence showing reasonable efforts to timely <u>file</u> his action.  *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004); *Drew v. Department of Corrections*, 279 F.3d 1278, 1286 (11th Cir. 2002).  Lucky has admitted that he had uninterrupted months while at FCI Bastrop, Texas in which to prepare his § 2255 motion.  Lucky has failed to sufficiently document the time periods during which he was denied access to legal materials.  In other words, he has failed to establish that the limitation period should have been tolled for a period in excess of 16 months.

      The objections are due to be overruled.

      In light of the court's conclusion that the objections are due to be overruled, the Motion for Order of Compliance (doc. no. 9) and the Motion for Immediate Relief (doc. no. 10) are hereby DENIED.

      Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation and the objections filed by the movant, the Court is of the opinion that the magistrate judge's findings are due to be and they hereby are, ADOPTED, and his recommendation is ACCEPTED. Accordingly, the motion to vacate is due to be due to be DISMISSED as untimely.  A Final Judgment will be entered.

DONE this 9th day of November, 2006.

 /s/ Lynwood Smith
 United States District Judge